UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-24533-CIV-LEIBOWITZ/GOODMAN

JEAN-ELIE URIEL CHARLEMAGNE,

    Plaintiff,

v.

THE STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

# REPORT AND RECOMMENDATIONS ON
# DEFENDANTS' RENEWED MOTION FOR MORE DEFINITE STATEMENT

This Report and Recommendations concerns a renewed[1] request by Defendants Turner Guilford Knight Correctional Center, Metro West Detention Center, Pretrial Detention Center, James Reyes, Regina Shaw, Safani Summons, and Amaury Perez (collectively, the "County Defendants") for a more definite statement [ECF No. 28]. Plaintiff has not filed a response and the time to do so has passed.

United States District Judge Kathleen M. Williams referred this case to the Undersigned for "all discovery disputes and non-dispositive pretrial motions." [ECF No.

---

[1] The Court struck the County Defendants' initial motion for failure to comply with Local Rule 7.1(a)(3)'s conferral requirement. [ECF No. 27].

5]. This case was subsequently reassigned to United States District Judge David S. Leibowitz. [ECF No. 34].

As discussed in more detail below, the Undersigned **respectfully recommends** that the instant motion be **granted** both by default and on the merits and that the Court provide the *pro se* Plaintiff with **twenty (20) days** to file an amended complaint. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("A chance to amend a complaint does not need to come in the form of a dismissal without prejudice or the striking of a portion of the complaint's allegations. It can also be accomplished by ordering the party to file a more definite statement." (citing Fed. R. Civ. P. 12(e))).

**I.   Background**

*Pro se* plaintiff Jean-Elie Uriel Charlemagne ("Charlemagne" or "Plaintiff")[2] filed the instant action alleging myriad violations stemming, in part, from his ongoing criminal prosecution in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No.: F15014151A). Charlemagne's Complaint [ECF No. 1] lists 43 Defendants, including the County Defendants. It lumps together multiple claims in a single "Claim for Relief" and fails to specify which Defendant(s) did what. Accordingly,

---

[2]   "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

the Undersigned concludes that the County Defendants' motion for a more definite statement should be **granted**.

## II. Applicable Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

The Eleventh Circuit has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Complaints that violate Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has consistently condemned such pleadings for more than three decades. *See Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases) (abrogated on other grounds).

There are four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding

counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland,* 792 F.3d at 1321–23 (footnotes omitted).

"The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

A district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint even

4

when the defendant does not seek such relief. *See Hirsch v. Ensurety Ventures, LLC*, No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020).

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Motions for a more definite statement are generally disfavored due to the liberal pleading requirements and are granted only sparingly." *Warner v. CBRE, Inc.*, No. 13-CV-80055, 2013 WL 12084301, at *2 (S.D. Fla. Dec. 11, 2013). Nonetheless, "[c]ourts typically grant motions under Rule 12(e) for 'shotgun' pleadings, in which it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *R.W. v. Sch. Bd. of St. Lucie Cnty., Fla.*, No. 15-14300-CIV, 2015 WL 13877890, at *1 (S.D. Fla. Nov. 9, 2015) (quoting *Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

### III.   Analysis

At the outset, the Undersigned notes that although the certificate of conferral states that Plaintiff opposes the instant motion [ECF No. 28, p. 4], he failed to file a response. Plaintiff's failure to respond alone is sufficient grounds to grant the County Defendants' motion by default. *See* S.D. Fla. Local Rule 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of

the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." (emphasis added)); *see also Middleton v. Hollywood Rep., LLC*, No. 22-21951-CIV, 2023 WL 6036497, at *2 (S.D. Fla. Aug. 10, 2023) (granting by default the defendants' motions to dismiss based on the plaintiff's failure to file a response). Because Plaintiff failed to respond to the motion, the Undersigned respectfully **recommends** that the District Court **grant by default** the County Defendants' motion.

Additionally, the motion should be granted on the merits. The County Defendants seek a more definite statement on the ground that Plaintiff's Complaint [ECF No. 1] "is a quintessential shotgun pleading." [ECF No. 28, p. 2]. They note that:

> [o]ver its seven pages that can only be characterized as encompassing one count, [the Complaint] alleges twenty-two claims against forty-three defendants: violations of the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendments; violations of 18 U.S.C. § 1581, 42 U.S.C. § 1983, and 42 U.S.C. § 1994; and claims for "Article 6 of American Convention of Human Rights," "Violation of Constitutional Secured Rights," "Violations of Civil Rights," "Violation of Miranda rights," malicious prosecution, "gross negligence to persons, property, or the rights of Jean-Elie Uriel Charlemagne and Emmanuel Michael Charlemagne," and "768.73 Punitive damages." Compl. ¶¶ 1, B, 2–5. The list of defendants includes Miami-Dade County, the County Corrections and Rehabilitation Department, the Department's director (James Reyes), three County jail facilities (Turner Guilford Knight Correctional Center, Metro West Detention Center, and Pretrial Detention Center), and the captains of those facilities (Regina Shaw, Safani Summons, and Amaury Perez). **It appears the County Defendants were named because Charlemagne alleges that he was subject to an "unlawful imprisonment from July 10, 2015 to August 2, 2015."** Compl. ¶ 6. That said, the [Complaint says absolutely nothing about which of the twenty-two claims are brought against the County Defendants or which acts or omissions each defendant is responsible for that give rise to the claims against them.

*Id.* at 3 (emphasis added).

Given these numerous pleading deficiencies, the County Defendants state that they "cannot hope to prepare a responsive pleading with the [C]omplaint in its present form." *Id.* They ask that the Court require "Charlemagne to file a more definite statement of his [C]omplaint that (1) separates each legal claim into a separate count; (2) specifically states against which defendant he asserts each claim; and (3) alleges facts describing each defendant's acts or omissions that gives rise to each claim." *Id.* at 3–4.

The Undersigned agrees with the County Defendants that the Complaint [ECF No. 1] is a shotgun pleading. It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," it fails to "separat[e] into a different count each cause of action or claim for relief," and "assert[s] multiple claims against multiple [D]efendants without specifying which of the [D]efendants are responsible for which acts or omissions, or which of the [D]efendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

### IV. Conclusion

Based on the foregoing, the Undersigned **respectfully recommends** that the District Court **grant** the County Defendants' motion for a more definite statement [ECF No. 28] **by default** and **on the merits**.

The Court should provide Plaintiff with **twenty (20) days** to file an amended complaint. *See Tran v. City of Holmes Beach*, 817 F. App'x 911, 912 n.2 (11th Cir. 2020)

7

(noting that an "appropriate remedy upon granting a Rule 12(e) motion for a more definite statement is to order the plaintiff to refile his complaint").

Plaintiff's amended complaint should: (1) plead each cause of action as a separate count (one cause of action per count); (2) clearly identify the cause of action asserted in the heading of each count *and* which Defendant(s) that cause of action is against; (3) include a short and plain statement of the factual allegations forming the basis of each count and clearly identify which facts support each count; and (4) clearly identify the relief Plaintiff is seeking as to each count.

Plaintiff may not assert causes of action on behalf of other individuals, including Emmanuel Michael Charlemagne. Plaintiff's amended complaint should *not* add any new defendants or new cause(s) of action. It should only clarify his *existing* claims in the manner required by Federal Rules of Civil Procedure 8 and 10.

The County Defendants will provide a copy of this Report and Recommendations to Plaintiff and file a notice of compliance on CM/ECF by no later than **Friday, April 19, 2024**.

V.   **Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge David S. Leibowitz. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections

timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on April 16, 2024.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable David S. Leibowitz
All Counsel of Record