IN THE UNITED STATES DISTRICT COURT IN AND FOR THE UNITED STATES
OF AMERICA SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:23-CV-24533
LIBOWITZ/GOODMAN

Jean-Elie Uriel Charlemagne
Plaintiff,

Vs.

The State of Florida et al,
_____/



FILED BY ___ D.C.
JUN 21 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# Emergency Expedited Motion to Stay Entire Proceedings PENDING APPEAL

Plaintiff Jean-Elie Uriel Charlemagne moves this Honorable Court to enter an Order staying Proceedings Pending Appeal [ECF NO.42]. Within the Writ of Error/Review and the Writ of Mandamus [ECF NO.41] Plaintiff Jean-Elie Uriel Charlemagne had also included [ECF NO. 39], and [ECF NO.43] within [ECF NO.42]. Plaintiff moves this Honorable Court to enter an Order staying this action until the pending of the Writ of Error/Review and Writ of Mandamus are decided. Accordingly, the matter has been ripe for review.

I. BACKGROUND
The State criminal case F15014151-A began on July 10th, 2015, and Plaintiff Jean-Elie Uriel Charlemagne was arrested 8 years later based on an AC warrant of $5,602,654 on November 24th, 2023, and during that time Plaintiff Jean-Elie Uriel Charlemagne filed a Notice of Writ Of Errors/Review and Writ of Mandamus [ECF NO.42] on April 22nd, 2024. Plaintiff Jean-Elie Uriel Charlemagne at the time was illegally imprisoned within the custody of the Defendant State of Florida in Miami-Dade County Corrections. Plaintiff Jean-Elie Uriel Charlemagne was not able to properly respond to [ECF NO.39] because of the undue hardship placed by the State of Florida while unjustly imprisoned as a result Plaintiff Jean-Elie Uriel Charlemagne has been tactically disadvantaged as the non-moving party at the time. The Trial Court did not consider all the money that Plaintiff Jean-Elie Uriel Charlemagne has spent throughout the 8 years, the lost of job opportunities, not being able to bury love one in Haiti, or that Plaintiff Jean-Elie Uriel Charlemagne was in jail in the custody of the defendant and Plaintiff Jean-Elie Uriel Charlemagne's work product and phone calls were all monitored by the defendant(s), but yet

every sua sponte seems to always prejudiced Plaintiff Jean-Elie Uriel Charlemagne. *2024 WL 2093646, Alps South, LLC v. The Ohio Willow Wood Co., 2010 WL 2465176, at \*1 (M.D. Fla 2010)* (citations omitted). See also *Roblor Marketing Group, Inc. v. GPS Industries, Inc., 633 F. Supp. 2d 1341, 1347 (S.D. Fla 2008)*. Defendant had never satisfied any of these factors. Emphasis add. For whatever reason the Trial court over looked this fact and again further caused Plaintiff Jean-Elie Uriel Charlemagne irreparable harm. In spite of the torment and not being able to mail out responses on time or at all through the Miami-Dade County Correction jail's internal mailing system. Plaintiff Jean-Elie Uriel Charlemagne objected to [ECF NO.27] in [ECF NO.38] EXPEDITED MOTION for Sanctions against all Defendants entered April, 16th, 2024. Appellant Jean-Elie Uriel Charlemagne has been prejudiced from the very beginning of this lawsuit. The above record is self-evident that Movant Jean-Elie Uriel Charlemagne has been prejudiced by the fact that of the unjustified incarceration from November 24th, 2023 to May 24th, 2024. Within that time period Appellant Jean-Elie Uriel Charlemagne's ability to respond to [ECF NO.28], [ECF NO.34], [ECF NO.36], [ECF NO.39], [ECF NO.13], [ECF NO.17], [ECF NO.19], [ECF NO.22], [ECF NO. 23], [ECF NO.24], and [ECF NO.25] were made unduly burdensome because of the unlawful confinement of Plaintiff Jean-Elie Uriel Charlemagne. All the above errors are currently pending within the docket of the United States Court Of Appeals for the Eleventh Circuit under the Court of Appeals Docket 24-11225 and 24-11226.

## II. LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones, 520 U.S. 681, 706 (1997); See also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000)*. A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am.Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Asocs., 743 F.2d 1519, 1525 (11th Cir. 1984)*,. In determining whether a stay should be granted the court looks to the following four factors: 1) the likelihood of the moving party ultimately prevailing on the merits; 2) the extent to which the moving party would be irreparably harmed; 3) Potential for harm to the opposing party if the stay is issued and 4) whether issuing a stay would be in the public interest. See *Garcia-Mir V. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986); see also Guirola-Beeche v. U.S. Dep't of Justice, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987)*. Rule 62 (g)(1) of the Federal Rules of Civil Procedure provides Appellate Court's Power Not limited. This rule does not limit the power of the appellate court or one of its judges or justices:
(1)to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending;

## III. DISCUSSION

With this Emergency Expedited Motion to Stay Entire Proceedings, Plaintiff seeks to preserve the status quo prior to the all the prior orders that prejudiced Plaintiff Jean-Elie Uriel Charlemagne. Plaintiff Jean-Elie Uriel Charlemagne argued the outcome of this appeal hinges on whether the Defendant(s) The State of Florida and the Trial Court had prejudiced Plaintiff Jean-Elie Uriel Charlemagne. Federal Rules of Civil Procedure 60(b)(3)(c)1 provides relief in the case of fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party. The entire record reflects the misconduct by the opposing parties in spades. Plaintiff Jean-Elie Uriel Charlemagne asserts that relief is proper to correct clear error(s) and to prevent the continuation of this manifestation of this current injustice.

Emergency Expedited Motion to Stay Entire Proceedings Pending Appeal rendered on 21st day of June 2024. All parties to said cause are called to take notice of entry of Emergency Expedited Motion Stay Entire Proceedings Pending Appeal pursuant to Federal Rules of Civil Procedure 60(b)(3)(c)1. I, Jean-Elie Uriel Charlemagne certify that I have this date served a true and correct copy of the foregoing notice of Emergency Expedited Motion to Stay Entire Proceedings Pending Appeal upon the Walter Dale Miller, Office of the Attorney General, 1515 N. Flagler Drive, Suite 900, West Palm Beach, FL 33401; Zachary Edward Vossler, Miami-Dade County Attorney's Office, 111 N.W. 1st Street, Suite 2810, Miami FL 33128, and PaulMarie Elie Bobb, City of North Miami, 776 NE 125 Street, North Miami, FL 33161.

Verification

The Undersigned Affiant Jean-Elie Uriel Charlemagne does herewith swear, declare, and affirm that Affiant issues this Emergency Expedited Motion to Stay Entire Proceedings pending Appeal with sincere intent and in good faith, that Affiant is competent to state the matters set forth herein, that the contents are true, correct, and admissible as evidence, and reasonable and just to the best of Affiant's knowledge.

WHEREFORE Movant Jean-Elie Uriel Charlemagne moves THE UNITED STATES DISTRICT COURT IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA to enter an Order of Emergency Expedited Motion to Stay Entire Proceedings Pending Appeal, AND ANY FURTHER RELIEF AS THE COURT MAY DEEM REASONABLE AND JUST UNDER THE CIRCUMSTANCES…

Further Affiant Sayth Not.
Done this __20__ day of __June__ 2024 A.D.

_Jean-Elie Uriel Charlemagne_
Jean-Elie Uriel Charlemagne, Executor, Sui Juris, one of the private man on the land, non-combatant, and American by birth, a child of the living God, Grantor, Executor/Creditor

SUBCRIBED TO AND SWORN before me this __20__ day of __June__, A.D. 2024, a Notary, that __JEAN-ELIE URIEL CHARLEMAGNE__, personally appeared and known to me to be the living breathing man whose name subscribed to the within instrument and acknowledge to be the same.
Notary Public in and for said State
My Commission expires; __04/11/2027__

ACHILLE FILS MOREAU
MY COMMISSION # HH 385478
EXPIRES: April 11, 2027



After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.